UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CLARA OLIVARES,

                              PLAINTIFF,          **AMENDED COMPLAINT**

           -AGAINST-                         20-CV-5766

NEW YORK CITY, POLICE OFFICER CESAR
ARRIAGA, and POLICE OFFICER SCOTT PARKER,
individually, and in their capacity as members of the New
York City Police Department,

                              DEFENDANTS.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil action in which Plaintiff seeks relief for the violation of her rights secured by 42 USC 1983, the Fourth, and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about April 28, 2020, in which officers of the New York City Police Department acting under color of state law, intentionally and willfully subjected Plaintiff to *inter alia* excessive force.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against Defendants and an award of costs and attorneys' fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff Ms. Clara Olivares ("Ms. Olivares") is a United States citizen and at all times here relevant resided at 136 West 91st Street, Apt 11F, New York, NY 10024.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Cesar Arriaga ("PO Arriaga") and Police Officer Scott Parker ("PO Parker") at all times here relevant were members of the New York City Police Department and are sued in their individual and professional capacity.

9. At all times mentioned, Defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Ms. Olivares is 53-years old and has suffered from disability in her hips since birth.

11. On or about April 28, 2020, Ms. Olivares was waiting in a line to enter the Duane Reade store located at 609 Columbus Avenue in Manhattan.

12. Ms. Oliveras was using a 'mobility walker' on account of her disability.

13. A police car pulled up outside the Duane Reade store and PO Arriaga and PO Parker exited the car.

14. PO Arriaga and PO Parker approached Ms. Olivares.

15. PO Arriaga told Ms. Olivares that she had to leave the line because she was banned from that Duane Reade store.

16. Ms. Olivares told the officers that she was not banned from the Duane Reade store.

17. PO Arriaga then took Ms. Olivares' mobility walker and threw it across the sidewalk, breaking both wheels on the walker.

18. PO Parker grabbed Ms. Olivares and threw her to the ground.

19. Ms. Olivares' right elbow, head, and both knees hit the ground.

20. Ms. Olivares started crying and was extremely scared.

21. Ms. Olivares struggled to get up.

22. Neither PO Arriaga nor PO Parker assisted Ms. Olivares.

23. A passer-bye retrieved Ms. Olivares' walker and passed it to her.

24. Ms. Olivares experienced pain in her head, neck, elbow, and knees.

25. A NYPD sergeant arrived at the scene and threatened to arrest Ms. Olivares.

26. An ambulance arrived and two EMT's attended to Ms. Olivares.

27. The EMT's treated Ms. Olivares, but advised her not to go to the hospital on account of the Covid-19 pandemic.

28. Instead, Ms. Olivares made her way back home, struggling with her broken mobility walker.

29. Ms. Olivares felt dehumanized.

30. Ms. Olivares suffered following the incident and felt physical pain, fear, embarrassment, humiliation, emotional distress, frustration, and anxiety.

## FIRST CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

31. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

32. PO Parker deprived Plaintiff of her civil, constitutional, and statutory rights under color of law and is liable to Plaintiff under 42 USC 1983.

33. PO Parker has deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that PO Parker used excessive and unreasonable force against Plaintiff.

34. Plaintiff has been damaged as a result of PO Parker's actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – Failure to Intervene: PO Arriaga)

35. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

36. PO Parker violated Plaintiff's constitutional rights by using excessive force against Plaintiff, without legal justification.

37. PO Arriaga knew, or should have known, that PO Parker did not have legal justification for the use of force against Plaintiff.

38. PO Arriaga failed to intervene to prevent PO Parker from using excessive force against Plaintiff.

39. PO Arriaga had sufficient time to intercede and had the capability to prevent PO Parker from using excessive force against Plaintiff and violating Plaintiff's Fourth Amendment rights.

40. Plaintiff has been damaged a result of the actions of PO Arriaga in an amount believed to equal or exceed the jurisdictional limit of this Court

## JURY DEMAND

41. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that the court enter a Judgment against Defendants together with costs and disbursements as follows:

> In favor of Plaintiff in an amount to be determined by a jury, but at least equal to or exceeding the jurisdictional requirement for each of Plaintiff's causes of action;
>
> Awarding Plaintiff punitive damages in an amount to be determined by a jury;
>
> Awarding Plaintiff reasonable attorneys' fees, costs, and disbursements of this action;
>
> And such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         January 5, 2021                    By:

                                            _____
                                            Malcolm Anderson
                                            PetersonDelleCave LLP
                                            Attorney for Plaintiff
                                            233 Broadway, Suite 1800
                                            New York, NY 10279
                                            (212) 240-9075